IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LATIERRA PHILLIPS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **2:03-cv-00616-JEO** |
| **THE HOUSING AUTHORITY OF** ) | |
| **THE BIRMINGHAM DISTRICT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

This cause comes to be heard on the objection or motion to quash filed by the plaintiff, Latierra Phillips (hereinafter "Plaintiff") to a subpoena issued by defendant Jefferson County Housing Authority ("JCHA") to Dr. Thomas Boll, or, in the alternative, motion for a protective order. (Doc. 245).[1] JCHA and another defendant, the Housing Authority of the Birmingham District ("HABD") (collectively "Defendants"), have filed a response in opposition to Plaintiff's submission. (Doc. 246). Upon consideration, the court concludes that Plaintiff's objection is due to be **OVERRULED** and that her alternative motion to quash or for a protective order is due to be **DENIED**.

Plaintiff did not disclose Dr. Boll himself as a retained expert who is expected to give testimony at trial. However, it is undisputed that Plaintiff's retained expert, Dr. Theodore Lidsky, reviewed and relied upon the neuropsychological testing conducted by Dr. Boll in 2004 for purposes of providing expert testimony. (Doc. 245 at 2). It is clear from the court's order of

---

[1] References herein to "Doc.___" are to the document number assigned by the Clerk of the Court.

December 1, 2006, that Judge Paul W. Greene[2] expressly authorized Defendants to take Dr. Boll's deposition under the following conditions:

> (4)  The defendants may depose Dr. [Boll] by telephone.  In the event the defendants choose to depose Dr. [Boll] in person the plaintiffs' expenses to attend a deposition will be paid jointly and severally by the defendants.  Dr. [Boll] fee for the deposition is to be paid by the defendants.

(Doc. 180 at 3).

Plaintiff argues that Judge Green intended to withdraw that authorization by broad language appearing in his order of January 17, 2007.  (Doc. 221).  However, that order states on its face that it was resolving other, specifically identified discovery motions and does not purport to revisit the matter of Dr. Boll's deposition, although it was the subject of pending motions at the time.  Plaintiff also argues that Dr. Lidsky has now done his own testing, so he is no longer relying upon Dr. Boll's testing, rendering it irrelevant.  However, Dr. Lidsky has previously acknowledged that his opinions are based at least in part on Dr. Boll's testing.

The court concludes that Dr. Boll's testimony regarding his testing is not privileged and is potentially relevant to issues concerning the methodology used by Dr. Lidsky and the reliability of his opinions.  Accordingly, the court hereby **ORDERS** that, within 30 days of the date of this order, Defendants shall be entitled to take Dr. Boll's deposition on the terms specified in Judge Green's order of December 1, 2006, as set forth above.

**DONE and ORDERED** this 16th day of September, 2008.

_John E. Ott_
**JOHN E. OTT**
United States Magistrate Judge

---

[2] This case was originally assigned to Judge Greene.  On July 2, 2008, he recused himself, and the case was reassigned to the undersigned Magistrate Judge.